## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ELLIOT ESPINOSA,

     Plaintiff,

v.                                         No.: 22-887-LF/SCY

HASIBULLA WAHAB ZADA, KALON
TRUCKING INC., PRIME INSURANCE
COMPANY, YONG JIANG, BOLINE
LOGISTICS, LTD., and AMTRUST
FINANCIAL SERVICES, INC.,

     Defendants.

---

## AMENDED NOTICE OF REMOVAL

---

**COME NOW**, Defendants PRIME INSURANCE COMPANY ("Defendant Prime"), KALON TRUCKING, LLC ("Defendant Kalon") and HASIBULLAH WAHAB ZADA ("Defendant Zada") (collectively "Prime Defendants"), by and through their counsel of record, STIFF, GARCIA & ASSOCIATES, LLC (John S. Stiff, Esq.), and hereby file this Amended Notice of Removal, in response to the Court's Order to Amend Notice of Removal (Doc. 4), and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof, state as follows.

1. Plaintiff Elliot Espinosa filed his Complaint for Damages ("Complaint") in the Second Judicial District Court, County of Bernalillo, State of New Mexico, in Cause No. D-202-CV-2022-06555 on October 31, 2022. *See* Plaintiff's Complaint, hereto attached as **Exhibit A**.

2. On November 8, 2022, Plaintiff's law firm emailed courtesy copies of the Complaint, Summons, and Arbitration Certificate to Roberto Gonzalez, claims representative for

00472896

Defendant Prime. Mr. Gonzalez accepted service for Defendant Prime. The Prime Defendants filed their original Notice of Removal within thirty (30) days of acceptance of service of the complaint, and therefore this removal is timely filed, pursuant to 28 U.S.C. § 1446 and Fed. R. Civ. P. 6(a).

3. In his Complaint, Plaintiff states he is a resident of Bernalillo County, New Mexico. **Exhibit A**, Plaintiff's Complaint, ¶ 1.  Upon information and belief, Plaintiff is a citizen of New Mexico.

4. Defendant Prime is a subsidiary of Prime Holdings Insurance Services, Inc., which is incorporated in the State of Illinois, and its principal office is in Salt Lake City, Utah. **Exhibit B**; Illinois Certificate of Good Standing.  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Therefore, Defendant Prime is a citizen of the states of Illinois and Utah.

5. Defendant Kalon is a single-member LLC incorporated in Texas, owned by BiBi Arzo Fakhri, a citizen of Texas, and its principal place of business is 3905 Esker Drive, Fort Worth, Texas. **Exhibit A**, Plaintiff's Complaint, ¶ 4; and **Exhibit C,** Documents Pertaining to Kalon and BiBi Arzo Fakhri. Therefore, Defendant Kalon is a citizen of the state of Texas.

6. Defendant Boline Logistics, Ltd. is incorporated in California and its principal place of business is 15829 McIntosh Avenue, Chino, CA, 91708. **Exhibit A**, Plaintiff's Complaint, ¶ 5. Therefore, Defendant Boline Logistics, Ltd. is a citizen of the state of California.

00472896

7. Defendant AmTrust Financial Services, Inc. is incorporated in Delaware and its principal place of business is 59 Maiden Lane, 43rd Floor, New York, New York, 10038. **Exhibit D**, New York Business Entity Information. Therefore, Defendant AmTrust Financial Services, Inc. is a citizen of the states of Delaware and New York.

8. Defendant Zada is a resident of Sacramento County, California. **Exhibit A**, Plaintiff's Complaint, ¶ 2. Upon information and belief, Defendant Zada is a citizen of California.

9. Defendant Yong Jiang is a resident of San Gabriel, California. **Exhibit A**, Plaintiff's Complaint, ¶ 3. Upon information and belief, Defendant Yong Jiang is a citizen of California.

10. Diversity of citizenship is therefore present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

11. Upon information and believe, Defendants Prime, Kalon, and Zada are the only defendants served in this matter and they consent to removal, satisfying 28 U.S.C. § 1446(b)(2)(A).

12. Plaintiff alleges that he sustained both bodily injury and property damages as the result of a motor vehicle accident which occurred on February 14, 2021. *See generally,* **Exhibit A**.

13. Plaintiff seeks damages for physical injuries, past incurred and future medical expenses, loss of income and income opportunity, loss of household services, property damage, loss of use, loss of life's enjoyment, emotional distress, and emotional and physical pain and suffering, "all to Plaintiff's great loss in an amount to be proven at trial." **Exhibit A**, Damages.

14. Consistent with the Rules of Civil Procedure for the State of New Mexico, Plaintiff's Complaint does not allege a specific dollar amount for damages sought in this civil action. *See* Rule 1-008 (A)(3) NMRA.

15. While Plaintiff has not alleged a specific total amount of damages, the relief sought and the nature of the claims in Plaintiff's Complaint demonstrate that Plaintiff likely seeks damages exceeding $75,000.00.  **Exhibit A,** Damages**.  Further,** Plaintiff's Certificate of Arbitration stated that he seeks an award exceeding $50,000, exclusive of punitive damages, interest, costs, and attorneys' fees**. Exhibit E,** Certificate of Arbitration**.**

16. Pursuant to 28 U.S.C. § 1446(c)(2), the notice of removal "may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," and the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Varela v. Wal-Mart Stores, East, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000) (When the amount in controversy, as here, is not apparent on the face of the complaint, the amount can be ascertained by considering (1) the Plaintiff's cause of action as alleged in the complaint, (2) the notice of removal defendant filed with the federal court, and (3) any other relevant materials in the record.).

17. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost.  28 U.S.C. § 1332(a).  Where a complaint does not contain dispositive allegations of the amount in controversy, a defendant seeking federal-court adjudication, must only file a notice of removal "containing a short and plain statement of the grounds

for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) citing § 1446(a).  The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Id*.

18. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(b), because the State Court action is pending in New Mexico and the event giving rise to the State Court action occurred in New Mexico.

19.  This Court has jurisdiction over the parties in this case pursuant to 28 U.S. C. §§ 1331, 1441, and 1446.

20. The Prime Defendants, as required by 28 U.S.C. § 1446(d), will promptly file a copy of this notice of removal with the clerk of the State District Court where the action is pending, and give written notice to Plaintiff on this date.

21. The Prime Defendants filed a Notice of Filing of Notice of Removal in the state court action, a copy of which is attached to this Notice as **Exhibit F**.  The Notice of Filing Notice of Removal was filed concurrently with the original Notice in the Second Judicial District, Bernalillo County, State of New Mexico, pursuant to 28 U.S.C. § 1446(d).

22. The Prime Defendants filed an Entry of Appearance in the state court action, a copy of which is attached to this Notice as **Exhibit G.**

23. The Prime Defendants will submit a certified copy of the State Court record within 28 days of filing the original Notice of Removal, pursuant to D.N.M. LR-CIV 81.1(a).

24. A Civil Cover Sheet for this matter is attached hereto as **Exhibit H**.

25. This Amended Notice of Removal is signed pursuant to the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants PRIME INSURANCE COMPANY, KALON TRUCKING,

00472896

LLC, and HASIBULLAH WAHAB ZADA respectfully requests that the state court action, now pending in the Second Judicial District Court, County of Bernalillo, State of New Mexico, bearing Cause No. D-202-CV-2022-06555, be removed to the U.S. District Court for the District of New Mexico, and requests that this Court make and enter such further orders as may be necessary and proper.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By */s/ Kathy L. Black*
    Kathy L. Black, Esq.
    John S. Stiff, Esq.
    500 Marquette Ave. NW, Suite 1400
    Albuquerque, New Mexico 87102-3274
    Phone: (505) 243-5755
    E-Mail:    jstiff@stifflaw.com
    *Attorneys for the Prime Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th of November 2022, the foregoing was electronically filed through the PACER File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Madalyn Witz, Esq.
PARNALL LAW FIRM, LLC
P.O. Box 8009
Albuquerque, NM 87198
Phone: (505) 268-6500
*Attorneys for Plaintiff Elliot Espinosa*

*/s/ Kathy L. Black*
Kathy L. Black, Esq.
John S. Stiff, Esq.

00472896