IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELLIOT ESPINOSA,

    Plaintiff,

v.                                           No.: 1:22-CV-00887-LF/SCY

HASIBULLA WAHAB ZADA:
KALON TRUCKING, LLC;
PRIME INSURANCE CO.; YONG
JIANG; BOLINE LOGISTICS, LTD.;
and FINANCIAL SERVICES, INC.,

    Defendants.

**DEFENDANTS PRIME INSURANCE COMPANY, KALON TRUCKING, LLC, AND HASIBULLA WAHAB ZADA'S ANSWER TO COMPLAINT FOR DAMAGES**

COME NOW Defendants PRIME INSURANCE COMPANY, KALON TRUCKING, LLC, and HASIBULLA WAHAB ZADA, by and through their attorneys of record STIFF, GARCIA & ASSOCIATES, LLC (John S. Stiff, Esq.), and for their Answer to Plaintiff's Complaint for Damages ("Plaintiff's Complaint"), state as follows:

**RESPONSE TO "COMPLAINT FOR DAMAGES"**

**1.**    Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

**2.**    Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

4. Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

## RESPONSE TO "FACTS"

10. Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

11. Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

12. Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

13. Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15. In response to the allegations in Paragraph 15 of Plaintiff's Complaint, Defendants admit that there was a motor vehicle accident, and that Defendant Hasibulla Wahab Zada was driving one of the vehicles. Defendants deny the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

### RESPONSE TO "COUNTS 1 AND 2 – NEGLIGENCE PER SE (DEFENDANT YONG JIANG)"

16. The allegations contained in Paragraph 16 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

17. The allegations contained in Paragraph 17 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

18. The allegations contained in Paragraph 18 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or

deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

**RESPONSE TO "COUNTS 3 AND 4 – NEGLIGENCE and NEGLIGENCE PER SE (DEFENDANT HASIBULLA ZADA WAHAB)"**

24. The allegations contained in Paragraph 24 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint and demand strict proof thereof.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

### RESPONSE TO "COUNT 5 – NEGLIGENT ENTRUSTMENT (DEFENDANT BOLINE LOGISTICS, LTD)"

32. The allegations contained in Paragraph 32 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or

deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lacks authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the Federal Rules of Civil Procedure. If the Court finds that a response is required, these allegations are denied.

**COUNT 6 – NEGLIGENT ENTRUSTMENT (DEFENDANT KALON TRUCKING, INC.)**

39. Defendants re-allege Paragraphs 1-38 of their Answer and incorporates them herein.

40. Defendants admit the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required. To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint and demand strict proof thereof.

43. Defendants admit the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint and demands strict proof thereof.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint and demands strict proof thereof.

**DAMAGES**

Defendants deny that Plaintiff is entitled to damages in this matter.

## DEMAND FOR JURY TRIAL

Defendants respectfully request a trial by jury on those issues so triable pursuant to the Federal Rules of Civil Procedure, Rule 38.

## GENERAL DENIAL

Defendants deny any allegations in the numbered paragraphs of Plaintiffs' Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. To the extent a jury determines that Defendants were negligent, which is specifically denied, this Complaint shall be governed by the doctrines of Comparative Fault and Comparative Negligence. Plaintiff's recovery as against Defendants will be barred or reduced in proportion to the negligence and/or comparative fault of Plaintiff and/or third parties who are not employed by or otherwise under the control of Defendants, thereby barring such recovery or reducing such recovery in an amount proportionate.

2. To the extent discovery so warrants, Plaintiff may have failed to mitigate his damages, thereby barring recovery herein or reducing such recovery in an amount proportionate.

3. Plaintiff's Complaint for pre- and post-judgment interest fails to state a claim for which relief can be granted, thereby barring recovery herein.

WHEREFORE, Defendants PRIME INSURANCE COMPANY, KALON TRUCKING, LLC, and HASIBULLA WAHAB ZADA, having answered Plaintiff's Complaint, pray that the Complaint be dismissed with prejudice, for an award of costs and attorneys' fees, and for such other and further relief as the Court may deem just and proper.

STIFF, GARCIA & ASSOCIATES, LLC

By */s/ Kathy L. Black*
Kathy L. Black, Esq.
John S. Stiff, Esq.
500 Marquette Ave. NW, Suite 1400
Albuquerque, New Mexico 87102-3274
Phone: (505) 243-5755
E-Mail:      kblack@stifflaw.com
             jstiff@stifflaw.com
*Attorneys for Defendants Prime Insurance Company, Kalon Trucking, LLC, and Hasilbullah Wahab Zada*

I HEREBY CERTIFY that on the 29th day of November, 2022, the foregoing was electronically filed through the PACER File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Madalyn Witz, Esq.
P.O. BOX 8009
Albuquerque, NM 87198
Phone: (505) 268-6500
E-Mail:      madalyn@parnalllaw.com
*Attorney for Plaintiff Elliot Espinosa*

*/s/ Kathy L. Black*
Kathy L. Black, Esq.
John S. Stiff, Esq.