N THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELLIOT ESPINOSA,**

    **Plaintiff,**

v.                                                                                            Case No. 1:22-cv-00887-JCH-SCY

**HASIBULLA WAHAB ZADA,
KALON TRUCKING, LLC,
PRIME INSURANCE COMPANY,
YONG JIANG,
BOLINE LOGISTICS, LTD., and
AMTRUST FINANCIAL SERVICES, INC.**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Elliot Espinosa's *Motion to Remand and Supporting Memorandum Brief* (ECF No. 15). Because the removing defendants have met their burden of proving jurisdictional facts by a preponderance of the evidence that show that $75,000 is possibly at stake, the Court will deny Mr. Espinosa's motion.

**I.  Factual and Procedural Background**

The facts in this paragraph come from Mr. Espinosa's complaint. Mr. Espinosa was in a car crash with two semitrucks. *See* Compl. ¶¶ 11-15 (ECF No. 1-1). Defendant Wahab Zada drove one of the trucks, which was owned by Defendant Kalon Trucking, LLC, and insured by Defendant Prime Insurance Company (collectively, "Prime Defendants"). *Id.* ¶¶ 2, 4, 6, 40. Defendant Yong Jiang drove the second truck, which was owned by Defendant Boline Logistics, Ltd., and insured by Amtrust Financial Services, Inc. (collectively, "Amtrust Defendants"). *Id.* ¶¶ 3, 5, 7, 33.

On July 27, 2022, Mr. Espinosa sent Prime Insurance a demand letter. *See* Pff.'s Ex. 1 (ECF No. 15-1). Mr. Espinosa claimed that he suffered $20,234.40 in medical expenses and

$9,331.00 in property damages. *Id.* at 4-5. He also stated that the accident caused a permanent impairment (a scar on his shin), pain and suffering, and loss of enjoyment of life. *Id.* Rather than specifying the demanded amount, the letter reads, "In consideration of the damages listed above, please respond with an offer to fully compensate [Mr. Espinosa]." *Id.* at 5.

After prelitigation negotiations failed, Mr. Espinosa sued the six defendants in state court on October 31, 2022. *See* ECF No. 1-1, at 1. His complaint alleges negligence, negligence per se, and negligent entrustment. *See id.* at 2-5. He requested compensatory and punitive damages. *See id.* at 6. As required by state rule, Mr. Espinosa attached to his complaint a certification regarding whether the case was suitable for expedited arbitration. *See* ECF No. 15, at 3; Defs.' Ex. E (ECF No. 1-5) (arbitration certificate). He certified that the amount he seeks exceeds $50,000 "exclusive of punitive damages." ECF No. 1-5, at 1.

The Prime Defendants removed the case to this Court. Mr. Espinosa then moved to remand. He argues that the amount in controversy is insufficient for federal jurisdiction. To bolster his argument, Mr. Espinosa included—in his reply brief—a signed affidavit stipulating that he is "not seeking more than $75,000 in damages." Pff.'s Ex. 1, ¶ 5 (ECF No. 26-1).

**II.     Legal Background**

Subject matter jurisdiction based on diversity of citizenship exists only if the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). If a state-court defendant seeks to remove a case and invoke a federal court's diversity jurisdiction, then the amount in controversy will typically be what the state-court plaintiff demands in the complaint. *See* 28 U.S.C. § 1446(c)(2). But in New Mexico, "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary

2

amount." Rule 1-008(A)(3) NMRA. And if state practice "does not permit demand for a specific some of money," § 1446(c)(2)(A)(ii), then the amount in controversy may come from the defendant's allegation in the notice of removal. § 1446(c)(2)(B).

If the plaintiff challenges the removing defendant's alleged amount, then the removing defendant must prove jurisdictional facts by a preponderance of the evidence. *See McPhail*, 529 F.3d at 954 ("[W]hat the proponent of jurisdiction must 'prove' is contested factual assertions . . . [j]urisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact'." (second and third alterations in original) (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006))); *see also* 14AA Arthur R. Miller, *Federal Practice and Procedure (Wright & Miller)* § 3702.1, Westlaw (database updated Apr. 2022) ("[T]he removing defendant, not the state court plaintiff, has the initial burden of establishing the existence of federal subject matter jurisdiction since it is the party invoking that jurisdiction."). The removing defendant can meet its burden by pointing to "contentions, interrogatories or admissions in state court," "the plaintiff's informal estimates or settlement demands," or other sources. *McPhail*, 529 F.3d at 954 (quoting *Meridian*, 441 F.3d at 541-42).

To estimate punitive damages, "a good rule of thumb . . . is to use an amount equal to compensatory damages." *Jones v. Legacy Burgers, LLC*, No. 20-cv-00441, 2021 WL 979629, at *4 (D.N.M. Mar. 16, 2021). This estimate is conservative; it is not uncommon for a New Mexico jury to award more than twice the amount of compensatory damages. *See, e.g., Carrillo v. Copper Sols. & Servs., LLC*, No. A-1-CA-36704, mem. op. ¶¶ 5, 50, 2020 WL 1845119 (N.M. Ct. App. Mar. 10, 2020) (nonprecedential) (affirming jury award of $2.1 million in compensatory damages and $6 million in punitive damages against two defendants in trucking accident).

If the removing defendant meets its burden, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *McPhail*, 529 F.3d at 954 (quoting *Meridian*, 441 F.3d at 542 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938))); *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003).

Finally, the Court only analyzes the facts that existed at the time of removal. Or said otherwise, "[o]nce jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *St. Paul*, 303 U.S. at 288-90); *see also Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) ("We conclude that post-removal stipulations do not create an exception to the rule articulated in *St. Paul*. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction."). As a result, courts consider post-removal stipulations to clarify an amount in controversy only when a complaint is ambiguous. *See Carraro v. Allstate Indem. Co.*, No. 21-cv-00646, 2022 WL 2754295, at *2 (D.N.M. July 14, 2022); *Yanez v. State Farm Fire & Cas. Co.*, No. 19-CV-00546, 2020 WL 128309, at *3 (D.N.M. Jan. 10, 2020).

**III.     Analysis**

The Prime Defendants cite Mr. Espinosa's arbitration certificate that he filed with his complaint. *See* Defs.' Resp. 2 (ECF No. 21). He certified that he is seeking an award exceeding $50,000, exclusive of punitive damages. ECF No. 1-5. And in his complaint, Mr. Espinosa stated that he is seeking compensatory *and punitive damages*. ECF No. 1-1, at 6. Applying the one-to-one ratio for compensatory and punitive damages suggests that the sum of both kinds of damages is at least $100,000. *See Jones*, 2021 WL 979629, at *4.

4

Mr. Espinosa urges a different method to estimate the amount in controversy. He quotes *Rael v. GEICO Gen. Ins. Co.* for the proposition that "[i]t is common in personal injury cases to settle on the basis of three times the medical expenses." No. 17-cv-00338, 2017 WL 3051953, at *3 (D.N.M. June 27, 2017) (alteration in original) (quoting *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1207 (D.N.M. 2012)). Three times Mr. Espinosa's medical expenses of $20,234.40 is $60,703.20. Next Mr. Espinosa adds his alleged property damages ($9,331.00) to get a sum of $70,034.20. According to Mr. Espinosa, this sum ($70,034.20) is a "very generous estimate" of the amount in controversy—and still below the jurisdictional threshold. *See* ECF No. 15, at 4.

But the formula from *Rael* does not include punitive damages. The discussion in *Rael* involved the relationship between incurred medical expenses and more speculative damages, such as pain and suffering, loss of enjoyment of life, and future medical expenses. 2017 WL 3051953, at *3. All these damages, however, are still compensatory damages. Nowhere does *Rael* mention punitive damages. *See id.* Indeed, the complaint in *Rael* did not even ask for punitive damages. *See* Complaint at 4, ¶ 25, *Rael v. GEICO Gen. Ins. Co.*, 2017 WL 3051953 (D.N.M. June 27, 2017) (No. 17-cv-00338) (ECF No. 1-1).

*Aranda v. Foamex International*—the case that *Rael* quoted for the three-times multiplier—confirms that the multiplier does not capture punitive damages. 884 F. Supp. 2d 1186 (D.N.M. 2012). The *Aranda* plaintiff "suffered serious, permanent injuries, which required medical intervention, surgery, and time away from work, and which left him with a need for future medical treatment, a limp, and an inability to perform major life activities." *Id.* at 1207. The plaintiff sought "actual damages for these injuries in addition to punitive damages for the alleged callous manner in which [the defendants] acted." *Id.*

5

The *Aranda* Court noted the normalcy of settlements for three times the amount of medical expenses. The court estimated surgical expenses of $15,000.00, calculating that "[t]his would put the damages at $45,000.00." *Id.* The court *then* reiterated that the plaintiff *also* sought punitive damages, restated the one-to-one ratio for punitive damages, and concluded that "the total damages would exceed $75,000.00." *Id.*

The takeaway from *Aranda* and *Rael* is that the three-times multiplier applies to incurred medical expenses to estimate all compensatory damages—but not punitive damages. After calculating the sum of all compensatory damages, a court will then apply the one-to-one ratio to estimate *both* compensatory and punitive damages. Thus the sum that Mr. Espinosa calculated—$70,034.20—is only an estimate of all the compensatory damages. Doubling that sum makes $140,068.40. This total both includes punitive damages and clears the jurisdictional threshold.

Mr. Espinosa stresses that he never demanded more than $75,000. *See* ECF No. 15, at 3-4. That is true enough. The July 2022 demand letter only enumerates different injuries and damages before concluding, "In consideration of the damages listed above, please respond with an offer to fully compensate [Mr. Espinosa]." ECF No. 15-1, at 5. But this conclusion does not demand *less* than $75,000. The demand letter, therefore, does not support Mr. Espinosa's contention that the amount if controversy is insufficient for diversity jurisdiction.

This leaves Mr. Espinosa's affidavit that stipulates that he is "not seeking more than $75,000 in damages." ECF No. 26-1, ¶ 5. Because Mr. Espinosa filed this affidavit with his reply brief—after the Court's jurisdiction attached at removal—this stipulation cannot divest the Court of jurisdiction. *See Miera*, 143 F.3d at 1340; *Rogers*, 230 F.3d at 872. As a result, the only possible role for this stipulation would be to clarify the amount in controversy if the complaint were ambiguous. *See Carraro*, 2022 WL 2754295, at *2; *Yanez*, 2020 WL 128309, at *3.

6

But the complaint is not ambiguous. It details Mr. Espinosa's injuries and asks for compensatory and punitive damages. *See* ECF No. 1-1, at 6. Along with the arbitration certificate and the demand letter, these sources show that it is possible that more than $75,000 is at stake. The Court need not turn to the affidavit for clarification.

The Prime Defendants thus meet their burden of proving jurisdictional facts by a preponderance of the evidence that make it "*possible* that $75,000 [is] in play." *McPhail*, 529 F.3d at 955. And Mr. Espinosa cannot establish to a legal certainty that this controversy is worth less than $75,000. The amount in controversy is thus sufficient for diversity jurisdiction.

## IV.    Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff Elliot Espinosa's *Motion to Remand and Supporting Memorandum Brief* (**ECF No. 15**) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE