**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

_____

ADRIATIC INSURANCE COMPANY
as subrogee of BOLINE LOGISTICS, INC.,

       Plaintiff,

v.                                         No. 1:22-CV-00818-MLG-JFR

HASIBULLAH WAHAB ZADA, KALON
TRUCKING, LLC, and JOHN DOES 1-X,

       Defendants,

-AND-

ELLIOT ESPINOSA,

       Plaintiff,

v.                                         No. 1:22-CV-00887-JCH-SCY

HASIBULLA WAHAB ZADA, KALON
TRUCKING, LLC, PRIME INSURANCE
COMPANY, YONG JIANG, BOLINE
LOGISTICS, LTD., and AMTRUST
FINANCIAL SERVICES, INC.,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO CONSOLIDATE

       This matter is before the Court upon Defendants Prime Insurance Company, Kalon Trucking, LLC, and Hasibullah Wahab Zada's (collectively "Prime Defendants") Partially Opposed Motion to Consolidate, filed January 11, 2023. Doc. 23 in 22-CV-00818. The Motion seeks consolidation of this case with _Espinosa v. Wahab Zada et al._, 22-CV-00887-JCH-SCY. Plaintiff Adriatic Insurance Company offered no argument regarding consolidation. _See_ Doc. 25 ¶ 2 in 22-CV-00818. In the companion case, Plaintiff Elliot Espinosa opposes consolidation. _See_ Doc. 25 in 22-CV-00887. The Court notes that Prime Defendants' motion to consolidate in

1

*Espinosa* is nearly identical to the one filed in the present case, which is also before the Court. *See* Doc. 19 in 22-CV-00887.

Having considered the parties' briefs, the relevant law, and the principles of consolidation within Federal Rule of Civil Procedure 42(a), the Court concludes that the motions to consolidate are well taken and shall be granted.

## BACKGROUND

These cases arise out of the same motor vehicle accident on February 14, 2021, on westbound Interstate 40 in Bernalillo County, New Mexico. *See generally* Doc. 1-1 in 22-CV-00818; Doc. 5-1 in 22-CV-00887. Wahab Zada drove one of the semi-trucks involved in the crash, which was owned by Kalon Trucking and insured by Prime Insurance. Doc. 5-1 ¶¶ 2, 4, 6, 40 in 22-CV-00887. Defendant Yang Jiang drove the second semi-truck, which was owned by Defendant Boline Logistics, Ltd. and insured by Amtrust Financial Services, Inc. *Id.* ¶¶ 3, 5, 7, 33. Boline Logistics allegedly incurred property damage to its semi-truck after Wahab Zada collided with the semi-truck Jiang was driving. *Id.* ¶¶ 3-5; Doc. 1-1 at 2 in 22-CV-00818.

Both Adriatic and Espinosa subsequently filed complaints in New Mexico state court and each was removed to federal court, pursuant to diversity jurisdiction. *See* Doc. 1 (10/31/22 notice of removal) in 22-CV-00818; 1-1 (state court complaint) in 22-CV-00818; Doc. 5 (11/29/22 notice of removal) in 22-CV-00887; 5-1 (state court complaint) in 22-CV-00887. Adriatic is suing Kalon Trucking for subrogation rights and negligent entrustment and Wahab Zada for negligence. Doc. 1-1 at 2-4 in 22-CV-00818. Adriatic requests compensatory damages as well as the amount Adriatic is subrogated against Prime Defendants. *Id.* ¶¶ 25-27.

Espinosa makes similar claims of negligence, negligence per se, and negligent entrustment against Prime Defendants. Doc. 5-1 at 3-5 in 22-CV-00887. Espinosa is also suing Jiang for

negligence and negligence per se and Boline Logistics for negligent entrustment. *Id.* at 2-5. He requests compensatory and punitive damages. *Id.* at 6.

## DISCUSSION

Rule 42(a) provides that the Court may "join for hearing or trial any or all matters in issue in the actions," or "consolidate the actions" if they involve "a common question of law or fact." Whether to grant a motion to consolidate is within the district court's discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Once the district court determines there is a common question of law or fact, the district court weighs "the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *The Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The party moving for consolidation bears the burden of proving that consolidation is desirable. *Id.*

Prime Defendants argue for consolidation since the lawsuits "involve both common questions of law and fact, being based on the same motor vehicle accident, and alleging claims on the same legal bases: negligence, and negligent entrustment." Doc. 23 at 2 in 22-CV-00818. In opposition, Espinosa argues consolidation "would not substantially aid judicial economy, . . . would cause [him] prejudice and inconvenience," and notes "significant aspects of discovery" would not apply to both cases. Doc. 25 at 2, 3 in 22-CV-00887.

First, the two cases involve the same facts—they arise out of the same accident and they incurred damages as a result. *See* Doc. 25 at 3 in 22-CV-00887 (conceded by Espinosa). Second, both cases involve common questions of law. Adriatic and Espinosa both allege negligence against Wahab Zada, negligent entrustment against Kalon Trucking.

Moreover, consolidation will avoid the possibility of conflicting results and promote judicial economy. Given that Kalon Trucking and Wahab Zada are parties in both cases,

consolidation will eliminate the possibility of multiple depositions for parties and witnesses and provide consistent rulings on the admission of evidence. Also, counsel for Prime Insurance Company, Kalon Trucking, and Wahab Zada is the same in both cases.

## CONCLUSION

The Court finds that Prime Defendants have met their burden of proving that consolidation is desirable. For the aforementioned reasons, it is hereby ordered that the cases will be consolidated under Rule 42(a)(2). Both motions to consolidate are granted. Doc. 23 in 22-CV-00818; Doc. 19 in 22-CV-00887.

It is further ordered that all subsequent filings in these cases shall be filed only in the lowest numbered case: 22-CV-00818-MLG-SCY.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA